IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
<u>MCALLEN DIVISION</u>

|  |  |
|---|---|
| SALOME GONZALEZ, III, AND VICTOR PEREZ, <br> PLAINTIFFS, <br><br> VS. <br><br> CITY OF LA GRULLA, TEXAS, <br> DEFENDANT. | X <br> X <br> X <br> X <br> X <br> X <br> X CIVIL ACTION NO._____ <br> X <br> X |

## PLAINTIFFS' ORIGINAL COMPLAINT

**TO THE HONORABLE U.S. DISTRICT JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS:**

The Plaintiffs Salome Gonzalez, III, and VICTOR PEREZ file this Original Complaint naming as Defendant the City of La Grulla, Texas (hereafter referred to as Defendant City of La Grulla in this complaint). In support of this Original Complaint, the Plaintiffs SALOME GONZALEZ, III, and VICTOR PEREZ would show the Court as follows:

### I.

### PRELIMINARY STATEMENT

The Plaintiffs Salome Gonzalez, III, and Victor Perez bring this Original Complaint against the Defendant City Of La Grulla complaining of conduct committed by and through its officers, officials, agents, servants and employees who, at all times material hereto, were acting within the course and scope of their employment or official position and in furtherance of the Defendant City of La Grulla's affairs and pursuant to authority granted for their actions or subsequently ratified by Defendant City of La Grulla. In this court action, Plaintiffs seek a declaration that the Defendant City of La Grulla, while acting through its officers, officials, employees, agents and

servants, caused injury and damages to Plaintiffs by depriving them of rights protected and guaranteed by the First Amendment of the United States Constitution as made applicable to the states under the Fourteenth Amendment and that are also protected by the due process clause of the Fourteenth Amendment. Plaintiffs Salome Gonzalez, III, and Victor Perez seek to recover damages from the Defendant City of La Grulla arising from the deprivation of their rights protected under the provisions of 42 U.S.C., Section 1983.

## II.
## VENUE AND JURISDICTION

1. Plaintiffs bring this action to redress violations by Defendant City of La Grulla of Plaintiffs' rights guaranteed and protected under the U.S. Constitution and the laws of the United States.

2. This is an action filed pursuant to 42. U.S.C., Section 1983, to redress the deprivation under color of statute, ordinance, regulation, custom or usage of rights, privileges and immunities secured by the Fourteenth Amendment of the U.S. Constitution, particularly the right to exercise freedom of speech and participate in the political process under the First Amendment applicable to the states of the United States of America by and through the Fourteenth Amendment to the U.S. Constitution and also the right to due process of law under the Fourteenth Amendment.

3. Original jurisdiction is conferred on this Court by 28 U.S.C., Sections 1333 and 1343(3), U.S. District Courts, as an action to redress the deprivation of rights, privileges and immunities as stated above in Paragraph number 2of Section II.

4. At all times relevant to this complaint, Defendant City of La Grulla, by and through its officials and employees, acted under color and

pretense of law and, specifically, under the statutes or color of statutes, ordinances, regulations, customs and usages of the Defendant City of Grulla and its employees or officials.

5. At all times relevant to this complaint, Defendant City of La Grulla engaged in the illegal conduct described in this complaint to the injury of Plaintiffs and by its actions deprived Plaintiffs of their rights, privileges and immunities secured to them by the First and Fourteenth Amendments of the Constitution of the United States of America and by the laws of the United States.

6. Venue is proper in the Southern District of Texas pursuant to 28 U.S.C., Section 1391(b), because the claim arose within the geographical limits of this judicial district.

## III.

## PLAINTIFFS AND DEFENDANT

7. The Plaintiff Salome Gonzalez, III, resides in Starr County, Texas, and he is a citizen of Starr County, the State of Texas and the United States of America.

8. The Plaintiff Victor Perez resides in Starr County, Texas, and he is a citizen of Starr County, the State of Texas, and the United States of America.

9. The Defendant City of La Grulla is a municipality organized under the laws of the State of Texas. The Defendant City of La Grulla may be served with process of this Original Complaint through its City Secretary Amy Bush at the Office of the City of Grulla, Texas, located at 194 S. F.M. 2360 (at South 2 1/2 Mile) Grulla, Texas, 78548.

## IV.

## FACTUAL BACKGROUND

10. Plaintiffs Salome Gonzalez, III, and Victor Perez were employed by Defendant City of La Grulla. Both Plaintiffs were discharged or laid off from their employment with the Defendant City of La Grulla at the same time and on the same date by delivery of written notice.

11. The Plaintiff Salome Gonzalez, III, was hired on or about June 22nd, 2016, and was placed on three-month probationary status that he successfully completed on September 22nd, 2016, resulting in his being placed on permanent employment status.

12. Plaintiff Salome Gonzalez, III, was hired as a maintenance worker. He was required to do carpentry and electrical work and tile work as part of his duties for the Defendant City of La Grulla. From the start of his employment, the Plaintiff SALOME GONZALEZ, III, was paid $8.00 an hour and worked forty-hour work weeks. The Plaintiff Salome Gonzalez, III, remained an employee of the Defendant City of La Grulla until he was discharged on August 27th, 2017.

13. Before his discharge from his employment with the Defendant City of La Grulla, Plaintiff Salome Gonzalez, III, had openly supported the candidate named Oscar Gonzalez for the La Grulla City mayoralty race who was running against the incumbent City Mayor Pedro A. Flores. Before the election was held and on the date it was conducted, the Plaintiff Salome Gonzalez, III, displayed a campaign poster on his residential yard to manifest his support for the candidacy of Oscar Gonzalez.

14. Plaintiff Victor Perez was hired on or about March 27th, 2011, and was placed on three-month probationary status that he successfully completed on June 27th, 2011, resulting in his being classified as a permanent employee. Plaintiff Victor Perez was hired as a general laborer. Plaintiff Victor Perez continued in his employment with the

Defendant City of La Grulla until the date of his termination on August 27th, 2017.

15. Before Plaintiff Victor Perez was discharged from his job with the Defendant City of La Grulla, the Plaintiff's girlfriend Yvonne Vera with whom Plaintiff Victor Perez was living at all times material hereto was actively supporting Oscar Gonzalez, who was the political opponent of incumbent La Grulla City Mayor Pedro A. Flores. Plaintiff Victor Perez and his girlfriend had two campaign posters on their residential yard. These two campaign posters were placed on Plaintiff VICTOR PEREZ and his girlfriend's residential fence two weeks before early voting started on April 24th, 2017, for the city elections of the Defendant City of La Grulla. The city elections for the city of La Grulla, Texas, were scheduled for May 5th, 2017. Two of the candidates running for re-election were the incumbents City Mayor Pedro A. Flores and City Commissioner Medardo Banda.

16. During the early voting period for the city elections, and, specifically, on April 24th, 2017, Plaintiff Victor Perez' girlfriend Yvonne Vera went to Defendant City of La Grulla's City Hall to make a complaint about an election irregularity that she had witnessed on an election ballot. In the process of making the complaint, she interacted with Defendant City of La Grulla's City Secretary Amy Bush who, for no apparent reason, suddenly admonished her to tell her boyfriend "Victor to do his job".

17. On the date of the election for the City Mayor and City Commissioners' race, City Mayor Pedro A. Flores uttered the statement "see them over there but wait until the election is over" in reaction to his seeing Plaintiff Victor Perez and his wife in his opponent's camp.

18. On August 25th, 2017, the Plaintiffs Salome Gonzalez, III, and VICTOR PEREZ were terminated from their employment with the Defendant City of La Grulla by written notices handed to each of them that stated that their dismissals were effective immediately. The written dismissal notices issued to both Plaintiffs stated that their dismissals were due to the "economic and financial constraints" that the Defendant City of La Grulla was experiencing.

19. The Defendant City of La Grulla's Personnel Policies and Practices Manual at page number 13 in Section 12 that is entitled RESIGNATION AND TERMINATION under Subsection 12.01 **Layoffs** reads as follows:

> When a position must be discontinued, or abolished because of a change in duties, reorganization, lack of funds, or lack of work due to seasonal aspect of City operations, the order of releasing employees will be determined on the basis of relative suitability for the jobs that remain and other relevant criteria as may be determined by the Mayor with the approval of the City Commissioners. Employees to be laid-off will be notified as soon as possible prior to the effective date.

20. The Defendant City of Grulla's Policy Manual states that a comment and inquiry policy (referenced as the "documentation process") exists to allow employees to ask questions and obtain answer regarding conditions of employment. But, Section 18.00 emphasizes that the "documentation process" is not a due process procedure and that employees do not have a right to appeal personnel grievances. Further, Section 18.02(4) of Defendant City of La Grulla's policy manual provides that when a disciplinary action is contemplated,

employees are to be given a copy of the written proposed adverse action and an opportunity to respond. Plaintiffs were never given a copy of any proposed action by Defendant City of La Grulla before they were discharged from their employment.

# FIRST CAUSE OF ACTION
# FREEDOM OF EXPRESSION AND RIGHT TO PARTICIPATE IN THE POLITICAL PROCESS

21. Plaintiffs incorporate by reference the allegations contained in Paragraphs 1 through 20 of this Original Complaint.

22. Defendant City of La Grulla, by and through its officials, employees and agents, who acted under color of law, abused their respective authority by retaliating against Plaintiffs for their exercise of their right to vote. Specifically, Defendant City of La Grulla's officials and employees sought to coerce the Plaintiffs and other city employees to openly support the re-election campaigns of its incumbent Mayor Pedro A. Flores. In exercising their right to vote freely and without concern, Plaintiffs resisted Defendant City of La Grulla's pressure and refused to support the incumbent City Mayor Pedro A. Flores' re-election campaign aimed at compelling Plaintiffs to vote for the incumbent City Mayor Pedro A. Flores. Defendant City of La Grulla's officials and employees used their positions of authority to layoff Plaintiffs Salome Gonzalez, III, and Victor Perez in retaliation for their exercise of rights protected by the First Amendment of the U.S. Constitution, actionable against the state and its political subdivisions through the Fourteenth Amendment. Plaintiffs were terminated from their employment under the guise of layoffs allegedly due to "economic and financial constraints supposedly plaguing the Defendant City of La Grulla. Through its conduct, the Defendant City

of La Grulla interfered with and subjugated Plaintiffs' right to participate in the election process freely and without undue influences as guaranteed by the First Amendment of the U.S. Constitution for exercise of the right to vote.

23. Defendant City of La Grulla's actions and conduct violated Plaintiffs' rights under the First Amendment of the United States Constitution applicable to the states and their political subdivisions through the Fourteenth Amendment to the U.S. Constitution. These deprivations are actionable for damages under the provisions of 42 U.S.C. Section 1983, for which Plaintiffs sue.

**SECOND CAUSE OF ACTION**

**<u>DUE PROCESS OF LAW</u>**

24. Plaintiffs incorporate by reference the allegations contained in Paragraph 1 through 23 of this Original Complaint.

25. In its policy manual, the Defendant City of La Grulla explicitly denies the right to appeal adverse employment actions such as Plaintiffs' employment terminations. The policies manual provide a procedure to report discriminatory actions, but it does not provide a right to appeal even violations of civil or constitutional rights. However, Defendant's policy manual does provide certain rights to aggrieved employees. Specifically, employees have the right to inquire as to the basis and reason for the proposed adverse actions, and Defendant's officials or employees are required to respond with the specific details in support of their proposed action. Aggrieved employees are also entitled to receive any proposed disciplinary action in writing, and they have the right to provide a written response before any action is taken. Plaintiffs were thwarted from exercising their rights to inquire under the documentation process by the

Defendant City of La Grulla making the termination immediately effective upon delivery of the dismissal letters on the Plaintiffs.

26. Defendant's policy manual also limits layoffs to positions that must be abolished or discontinued because of a change in duties, reorganization, lack of funds or lack of work due to seasonal necessity of the position. The policy also requires that the employees' suitability for the job and the positions must be assessed as to the necessity and public interest against abolishing the position. Per the requirements of the Defendant City of La Grulla's personnel and procedure policy, the City Mayor's determination had to be approved by the City Commissioners in order for it to become a final decision. Since the layoffs of Plaintiffs Salome Gonzalez, IIII, and Victor Perez were not go through the Defendant City of La Grulla's adopted policy and procedure including the assessments of the necessity to continue their positions and deciding on the order for releasing employees or determining their suitability for other positions within the Defendant City of La Grulla prior to imposing a layoff and to assure that the public interest was protected in the process. In actuality, the retaliatory layoffs were disguised terminations.  Upon considering the adverse actions as terminations, Plaintiffs' dismissals breached even their limited rights under the policy manual to receive a copy of the proposed termination with a right to present a response prior to the terminations being given effect.

27. Defendant City of La Grulla's actions committed under the law or color of law violated Plaintiffs' rights guaranteed and protected under the Due Process Clause of the Fourteenth Amendment of the United States Constitution as well as their rights under the Degfendant City

of Grulla's Policy Manual for which Plaintiffs sue and seek redress for damages pursuant to the provisions of 42 U.S.C, Section 1983.

## PROXIMATE CAUSE

28. Plaintiffs incorporate by reference the allegations contained in paragraphs numbered 1 through 27 of this Original Complaint.

29. The abusive conduct committed by Defendant's officers, officials, employees, servants and agents deprived Plaintiffs of protected rights, which proximately caused injuries and damages to Plaintiffs Salome Gonzalez, III, and Victor Perez, including damages for violation of rights. As a direct consequence of Defendant's conduct each of the Plaintiffs each suffered loss of income, public embarrassment and mental anguish for which they seek redress.

## PRAYER

The Plaintiffs Salome Gonzalez, III, and Victor Perez pray that the Court grant the following:

i. That the Defendant City of La Grulla be cited to appear in this cause;

ii. That the Court declare that Defendant City of La Grulla's officials were at all times herein alleged acting under color of law in their capacities as officials discharging the duties and responsibilities of their respective offices;

iii. That Defendant City of La Grulla's conduct be declared to have violated the provisions of the First and Fourteenth Amendments of the U.S. Constitution as well as the provisions of the City of La Grulla Policy Manual governing the application of conditions of employment and that such conduct deprived Plaintiffs Salome Gonzalez, III, and Victor Perez of their rights and proximately caused their injuries and damages for which

        Defendant City of La Grulla is liable to Plaintiffs under the provisions of 42 U.S.C. Section 1983.

iv.    That Plaintiffs be awarded all their damages including loss of income, public embarrassment, mental anguish, violation of rights and other actual damages suffered by Plaintiffs in an amount in excess of the minimum jurisdictional limits of this Court;

v.    That Plaintiffs be awarded pre-judgment interest on any amount awarded to them at the highest rate allowed by law;

vi.    That Plaintiffs be awarded post-judgment interest on any amount awarded to them at the highest rate allowed by law;

vii.    That Plaintiff be awarded reasonable and necessary court costs, including attorney's fees; and

viii.    That Plaintiff should be awarded any other remedy and relief to which he may be justly entitled.

                                          Respectfully submitted,

                                          /S/ *Margil Sanchez, Jr.,*
                                          Margil Sanchez, Jr.,
                                          Attorney-at-Law

Margil Sanchez, Jr.,
Attorney at Law,
P. O. Box 297,
Rio Grande City, Texas, 78582
Tel. No. 956-487-7575,
Fax No. 956-487-8491,
E-mail: msjlaw@yahoo.com
Bar Card No. 17570800,
Federal Bar No. 3884