IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| SALOME GONZALEZ, III, § | | |
| AND VICTOR PEREZ, § | | |
| Plaintiff § | | |
| § | | |
| VS § | C.A. NO. 7:18-CV-00195 | |
| § | | |
| CITY OF LA GRULLA, TEXAS, § | | |
| Defendant § | | |

**ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT
BY DEFENDANT, THE CITY OF LA GRULLA, TEXAS**
================================================================

MAY IT PLEASE THE COURT:

NOW COMES DEFENDANT, the CITY OF LA GRULLA, TEXAS, (hereafter "DEFENDANT"), and file this Original Answer to Plaintiff's Original Complaint.

### I.    ADMISSIONS AND DENIAL

**1.** With respect to the unnumbered paragraph of Plaintiff's Original Complaint, entitled "PRELIMINARY STATEMENT," which contain primarily arguments and advocacy, no Rule 8 response is necessary; but to the extent that these paragraphs contain material factual and legal allegations against the DEFENDANT, these are denied in their entirety, both as to fact and law.

2. With respect to ¶1 entitled "VENUE AND JURISDICTION," which contain primarily arguments and advocacy, no Rule 8 response is necessary; but to the extent that these paragraphs contain material factual and legal allegations against the DEFENDANT, these are denied in their entirety, both as to fact and law.

3. With respect to ¶2 entitled "VENUE AND JURISDICTION," which contain primarily arguments and advocacy, no Rule 8 response is necessary; but to the extent that these paragraphs contain material factual and legal allegations against the DEFENDANT, these are denied in their entirety, both as to fact and law.

4. With respect to ¶3 entitled "VENUE AND JURISDICTION," DEFENDANT admits jurisdiction is proper in this district and in this division, subject to any applicable immunity defenses, and general denial of liability, more fully set forth below. To the extent that the remaining

portions of this paragraph contain material factual and legal allegations against the DEFENDANT, these are denied in their entirety, both as to fact and law.

5. With respect to ¶¶4-5 entitled "VENUE AND JURISDICTION," DEFENDANT denies all material factual and legal allegations contained in this paragraph as alleged against DEFENDANT.

6. With respect to ¶6 entitled "VENUE AND JURISDICTION," DEFENDANT admits that, as pleaded, venue is appropriate in this district and division, subject to the applicable immunity defenses, and general denial of liability, as more fully set forth below.

7. With respect to ¶7 entitled "PLAINTIFFS AND DEFENDANT," DEFENDANT does not have sufficient information to admit or deny, therefore denied.

8. With respect to ¶8 entitled "PLAINTIFFS AND DEFENDANT," DEFENDANT does not have sufficient information to admit or deny, therefore denied.

9. With respect to ¶9 entitled "PLAINTIFFS AND DEFENDANT," DEFENDANT admits it is a municipality organized under the laws of the State of Texas. DEFENDANT admits service and location of service however, denies that it can be served by and through the stated individual.

10. With respect to ¶10 entitled "FACTUAL BACKGROUND," DEFENDANT admits that on or about August 25, 2017, both Plaintiffs were laid off from their employment with the City of La Grulla (hereafter "City") due to City economic and financial constraints. DEFENDANT denies any other factual and legal references contained therein.

11. With respect to ¶11 entitled "FACTUAL BACKGROUND," DEFENDANT admits that Plaintiff Salome Gonzalez (hereafter "Plaintiff Gonzalez") was hired by the City on or about June 22, 2015. DEFENDANT denies any other factual and legal references contained therein.

12. With respect to ¶12 entitled "FACTUAL BACKGROUND," DEFENDANT denies that Plaintiff Gonzalez was hired as a maintenance worker and denies that he was discharged on August 27, 2017. As to the remaining factual allegations contained in this paragraph, DEFENDANT does not have sufficient information to admit or deny, therefore denied.

13. With respect to ¶13 entitled "FACTUAL BACKGROUND," DEFENDANT does not have sufficient information to admit or deny, therefore denied.

14.     With respect to ¶14 entitled "FACTUAL BACKGROUND," DEFENDANT does not have sufficient information to admit or deny whether Plaintiff Victor Perez (hereafter "Plaintiff Perez") was hired as a general laborer, therefore denied. DEFENDANT denies any other factual and legal references contained therein.

15.     With respect to ¶15 entitled "FACTUAL BACKGROUND," DEFENDANT admits that City elections for La Grulla, Texas took place in 2017, and that City Mayor Pedro Flores and City Commissioner Medardo Banda were running for re-election. As to the remaining factual allegations contained in this paragraph, DEFENDANT does not have sufficient information to admit or deny, therefore denied.

16.     With respect to ¶16 entitled "FACTUAL BACKGROUND," DEFENDANT does not have sufficient information to admit or deny, therefore denied.

17.     With respect to ¶17 entitled "FACTUAL BACKGROUND," DEFENDANT does not have sufficient information to admit or deny, therefore denied.

18.     With respect to ¶18 entitled "FACTUAL BACKGROUND," DEFENDANT admits that on or about August 25, 2017, both Plaintiffs were laid off from their employment with the City of La Grulla (hereafter "City") due to City economic and financial constraints via letter that was hand delivered, and that their lay-off's were effective immediately. DEFENDANT denies any other factual and legal references or characterizations contained therein.

19.     With respect to ¶¶19-20 entitled "FACTUAL BACKGROUND," which contain primarily arguments and advocacy, no Rule 8 response is necessary; but to the extent that these paragraphs contain material factual and legal allegations against the DEFENDANT, these are denied in their entirety, both as to fact and law.

20.     With respect to ¶¶21-23 entitled "FIRST CAUSE OF ACTION FREEDOM OF EXPRESSION AND RIGHT TO PARTICIPATE IN THE POLITICAL PROCESS" which contain primarily arguments and advocacy, no Rule 8 response is necessary; but to the extent that these paragraphs contain material factual and legal allegations against the DEFENDANT, these are denied in their entirety, both as to fact and law.

21.     With respect to ¶¶24-27 entitled "SECOND CAUSE OF ACTION DUE PROCESS OF LAW" which contain primarily arguments and advocacy, no Rule 8 response is necessary; but to

the extent that these paragraphs contain material factual and legal allegations against the DEFENDANT, these are denied in their entirety, both as to fact and law.

22.     With respect to ¶¶28-29 entitled "PROXIMATE CAUSE" which contain primarily arguments and advocacy, no Rule 8 response is necessary; but to the extent that these paragraphs contain material factual and legal allegations against the DEFENDANT, these are denied in their entirety, both as to fact and law.

23.     With respect to paragraph entitled "PRAYER" and its subparagraphs i-viii, DEFENDANT denies the material factual and legal allegations and characterizations; and denies that Plaintiff is entitled to recover any of the relief requested.

## GENERAL DENIAL

24.     DEFENDANT hereby generally denies all material allegations contained in Plaintiff's Original Complaint.  Any material factual allegations not specifically admitted in the foregoing paragraphs are hereby denied and DEFENDANT demands proper proof as required by law and the rules of court.

## AFFIRMATIVE DEFENSES

**Government & Sovereign Immunity**

25.     DEFENDANT, hereby assert the defense of government and sovereign immunity to the fullest extent allowed by law in response to the federal claims asserted and any applicable state claims alleged by Plaintiff. This defense of government immunity encompasses the DEFENDANT' immunity from suit, as well as immunity from liability.  Further, with regard to any state law based claims and causes of action, as to which the DEFENDANT has an immunity from suit, and as to which the Court would be without subject matter jurisdiction to the extent that its jurisdiction is supplemental.

**Statutory Caps**

26.     DEFENDANT also hereby asserts as a defense the statutory caps on damages to which they are entitled under Texas and/or federal law.

**Notice Requirements**

27.     DEFENDANT also hereby pleads as a defense Plaintiff's failure, if any, to timely satisfy any and all applicable notice or other filing requirements imposed by law as a precondition to the Court's exercise of jurisdiction over this matter and the imposition of any liability.

**Statutory & Administrative Limitations**

28.     DEFENDANT also hereby asserts as an affirmative defense any and all limitations periods applicable to any and all statutory or common law causes of action asserted by Plaintiff, including any administrative limitations periods applicable to Plaintiff's claims imposed by law and which serve as a condition precedent to this lawsuit.

**Failure to Exhaust Remedies**

29.     In connection with Plaintiff's failure to meet any one or more applicable administrative limitations period, DEFENDANT further hereby asserts as a defense Plaintiff's failure, if any, to exhaust his administrative remedies as required by law as a condition precedent to this lawsuit.

**No Policy Practice or Custom**

30.     DEFENDANT hereby asserts that Plaintiff suffered no violation of any constitutional rights as a result of any policy, practice or custom of the Defendant City of La Grulla.

## CONCLUSION & PRAYER FOR RELIEF

THEREFORE, based on the foregoing specific denials, general denial, as well as the affirmative defenses pleaded against Plaintiff's claims, DEFENDANT requests that upon final hearing of this case, that all relief sought by Plaintiff be denied, that a take nothing judgment against Plaintiff be entered.

DEFENDANT further requests and prays that they be awarded such other and further relief, at law or in equity, to which they may show themselves justly entitled.

SIGNED on this 6th day of AUGUST, 2018.

                Respectfully submitted,

By: *Ricardo J. Navarro*
RICARDO J. NAVARRO
Attorney In Charge
State Bar No. 14829100
Fed I.D. No. 5953
rjnavarro@rampage-rgv.com
**DENTON, NAVARRO, ROCHA, BERNAL & ZECH**
A Professional Corporation
701 E. Harrison, Ste 100
Harlingen, Texas 78550
956/421-4904
956/421-3621 (Fax)

By: *John-Michael W. Hayward*
JOHN-MICHAEL W. HAYWARD
Associate Attorney
State Bar No. 24087693
Fed I.D. No. 2338770
jmhayward@rampage-rgv.com
**DENTON, NAVARRO, ROCHA, BERNAL & ZECH**
A Professional Corporation
701 E. Harrison, Ste 100
Harlingen, Texas 78550
956/421-4904
956/421-3621 (Fax)

**COUNSEL FOR DEFENDANT CITY OF LA GRULLA, TEXAS**

## CERTIFICATE OF SERVICE

      I certify that a true and correct copy of this document has been served on the persons or parties identified below in accordance with one or more of the recognized methods of service by the Federal Rules of Civil Procedure on this the 6th day of AUGUST, 2018.

Margil Sanchez, Jr.                                            **Via E-Filing Method**
Attorney At Law
P.O. Box 297
Rio Grande City, Texas 78582
Email: msjlaw@yahoo.com
**COUNSEL FOR PLAINTIFF**

*John-Michael W. Hayward*
RICARDO J. NAVARRO
JOHN-MICHAEL W. HAYWARD